FILED
Mar 11, 2021
08:42 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| APRIL MAYS,<br>    Employee, | ) <br> ) | Docket No. 2019-03-0262 |
| v. | ) | |
| FAST PACE MEDICAL CLINIC, <br> PLLC, | ) <br> ) | State File No. 15377-2019 |
| Employer, | ) | |
| And | ) | |
| VALLEY FORGE INSURANCE | ) | |
| COMPANY, | ) | Judge Pamela B. Johnson |
| Carrier. | ) | |

---

### EXPEDITED HEARING ORDER
### *Decision on the Record*

---

April Mays fell at work, and Fast Pace Medical Clinic, PLLC provided authorized treatment for her neck and cervical spine. Ms. Mays now seeks additional treatment for her lumbar and thoracic spine, which Fast Pace denied. After a review of the record, the Court holds Ms. Mays is entitled to the additional treatment.

### History of Claim

As a child, Ms. Mays had a rod placed in her spine due to scoliosis. On February 12, 2019, she tripped over a cinder block while carrying boxes at work and fell to the ground. She landed on her right side and experienced immediate pain in her neck and upper back.

She initially treated in-house at Fast Pace. The provider recommended cervical and thoracic MRIs and referred Ms. Mays to an orthopedic surgeon for evaluation of neck pain and upper-back pain with numbness and tingling into the right hand.

Ms. Mays selected orthopedist Dr. Paul Johnson from the panel. During her initial visits, she reported moderate to severe neck pain radiating into her upper extremities, pain

1

in her cervicothoracic junction radiating into her head, and lumbar pain. Dr. Johnson treated her conservatively. When her symptoms did not improve, he ordered a cervical MRI, which revealed disc herniations at C5-6 on the left and at C6-7 on the right. Dr. Johnson performed a cervical fusion at C5-6 and C6-7. After surgery, he ordered physical therapy for intermittent, moderate neck pain.

Six months later, Ms. Mays still complained of neck pain. When Dr. Johnson discussed returning to work, Ms. Mays believed she could not do so, given her chronic lumbar, thoracic, and cervical pain. Dr. Johnson stated that the thoracic and lower-back pain had very little, if anything, to do with the job-related injury.

In June 2020, Ms. Mays reported intermittent, moderate symptoms in her neck and low back. Dr. Johnson placed her at maximum medical improvement, assigned a six-percent permanent impairment, and released her to return to work with permanent restrictions.

Ms. Mays then obtained an independent medical examination with Dr. C.M. Salekin. He diagnosed: (1) cervical radiculopathies from C5 through C7 treated surgically with residual symptoms; (2) right lumbosacral radiculopathy at L5/S1 caused by the fall at work; and (3) probable rod displacement versus thoracic disc protrusion caused by the fall. Dr. Salekin recommended lumbar and thoracic spine MRIs and an orthopedic evaluation of the rod position.

In his C-32, Dr. Salekin noted that the fall at work more likely than not primarily caused the need for treatment. He also noted that the injury aggravated a pre-existing condition, stating, "pain over Harrington Rod area on the thoracic spine which may be misplaced." He further wrote that the fall was primarily responsible for advancing or worsening Ms. Mays's pre-existing condition and need for treatment.

In January 2021, Dr. Johnson responded to a causation letter from Fast Pace by stating that the alleged thoracic and lumbar injuries were not causally related to the work injury.

Ms. Mays requested treatment for her thoracic and lumbar spine as recommended by Dr. Salekin.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Ms. Mays must show that she is likely to prevail at a hearing on the merits that she is entitled to the requested treatment. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The Workers' Compensation Law requires an employer to furnish medical treatment made reasonably necessary by a work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). A work injury causes the need for medical treatment only if it is shown to a reasonable degree of medical certainty that the injury contributed more than fifty percent in causing the need for medical treatment. "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes. The causation opinion of the panel-selected physician is presumed correct. *See generally* Tenn. Code Ann. § 50-6-102(14).

Here, Ms. Mays selected Dr. Johnson from a panel. Therefore, the Court must presume his causation opinions are correct. To overcome this presumption, Ms. Mays must present evidence rebutting his opinion by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E).

When comparing the medical records, the Court notes that the Fast Pace provider referred Ms. Mays to an orthopedic surgeon for neck and upper-back pain and recommended cervical and thoracic MRIs. Further, in her initial visits with Dr. Johnson, Ms. Mays reported moderate to severe neck pain radiating into her upper extremities, pain in her cervicothoracic junction radiating into her head, and lumbar pain. However, Dr. Johnson stated, without explanation, that the thoracic and lower-back pain had very little, if anything, to do with the work injury. He confirmed this opinion in response to Fast Pace's causation letter.

In contrast, Dr. Salekin diagnosed cervical radiculopathies from C5-C7 surgically repaired, lumbosacral radiculopathy at L5/S1, and probable rod displacement versus thoracic disc protrusion. He related all these problems to Ms. Mays's work-related fall. He recommended further orthopedic evaluation of the rod placement and lumbar and thoracic MRIs.

In his C-32, Dr. Salekin wrote that the fall at work more likely than not primarily caused the need for treatment. He also believed that the injury aggravated a pre-existing condition, noting, "pain over Harrington Rod area on the thoracic spine which may be misplaced." He additionally stated the fall was primarily responsible for advancing or making worse the pre-existing condition and need for treatment.

Considering the record as a whole and weighing the conflicting expert opinions, the Court holds Ms. Mays presented sufficient proof to rebut Dr. Johnson's causation opinion. Ms. Mays's initial treatment at Fast Pace documented her complaints of thoracic spine and low back complaints. The Fast Pace provider referred her to an orthopedic surgeon and recommended a thoracic MRI immediately after the injury. When she saw Dr. Johnson, Ms. Mays continued to complain of symptoms in her thoracic and lumbar spine, but Dr. Johnson's treatment focused only on her cervical spine. When she continued to complain of thoracic and lumbar spine back, Dr. Johnson concluded the symptoms were unrelated to

the work injury without explanation. He confirmed his conclusion in a causation letter by checking a box. However, Fast Pace did not offer his deposition or C-32 to provide the Court with a detailed explanation as to how he reached his conclusion, despite noting her thoracic and lumbar spine complaints in his first few visits with Ms. Mays.

In contrast, Ms. Mays offered Dr. Salekin's opinion who noted the lumbar and thoracic complaints and provided causation opinions that the fall aggravated her pre-existing thoracic spine condition. He detailed the mechanism of injury and his causation opinion in his C-32 and accompanying report.

Accordingly, the Court holds Ms. Mays has shown she is likely to prevail at a hearing on the merits that she is entitled to the recommended treatment to include lumbar and thoracic MRIs and orthopedic evaluation of the thoracic spine.

Dr. Johnson remains the authorized treating physician. However, if he will not agree to evaluate and treat Ms. Mays's thoracic and lumbar spine complaints, Fast Pace shall provide a panel from which she may select an orthopedic physician to do so.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. May's claim against Fast Pace for the requested benefits is granted at this time.

2. This case is set for a **Status Conference** on **July 12, 2021**, at **1:30 p.m. Eastern Time**. The parties must call (855) 543-5041 (toll-free) to participate. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED March 11, 2021.**

_Pamela B. Johnson_
**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**


**APPENDIX**

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents:

1. Petition for Benefit Determination with attachments, April 4, 2019
2. Petition for Benefit Determination with attachments, October 1, 2020
3. Dispute Certification Notice

4

4. Request for Expedited Hearing with attachments
5. Employer's Notice of Filing of Medical Records
6. Employer's Expedited Hearing Brief
7. Expedited Hearing Docketing Notice – Decision on the Record

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on March 11, 2021.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Ameesh A. Kherani, Employee's Attorney | | X | akherani@kheranilaw.com |
| J. Brent Moore, Employer's Attorney | | X | bmoore@ortalekelley.com |

*Penny Shrum*
_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                            RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries          $ _____ per month    Telephone       $ _____ per month

Electricity        $ _____ per month    School Supplies $ _____ per month

Water              $ _____ per month    Clothing        $ _____ per month

Gas                $ _____ per month    Child Care      $ _____ per month

Transportation  $ _____ per month       Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe:_____

11. My debts are:

Amount Owed                To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____